Dale J. Giali (SBN 150382)
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
gialid@howrey.com

*Counsel for Plaintiffs*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BMW of North America, LLC and Bayerische Motoren Werke AG,<br><br>Plaintiffs,<br><br>v.<br><br>Shahin Safaini d/b/a Super European Automotive,<br><br>Defendant. | Case No. CV09-5234 (SVW)(FMOX)<br><br>**CONSENT FINAL JUDGMENT OF PERMANENT INJUNCTION**<br><br>Date: November 16, 2009<br>Time: 1:30 p.m.<br>Dept.: 6<br><br>*No Hearing Requested* |

This matter was opened to the Court upon the filing of the Complaint of Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG, seeking relief against Defendant Shahin Safaini d/b/a Super European Automotive for, among other things, a permanent injunction based on the allegations of the Complaint, including claims of trademark infringement, unfair competition, and breach of contract.

Defendant, having been served with the Complaint herein and having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and without admitting any of the allegations of the Complaint, and without trial, argument or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment of Permanent Injunction (the "Final Judgment") permanently restraining and enjoining Defendant from violating the Trademark Act of 1946 as amended, 15 U.S.C. § 1125 *et seq.* (the "Lanham Act"), and the laws of the

HOWREY LLP

DM_US:22873230_1

State of California, and it further appearing that this Court has jurisdiction over Defendant and the subject matter hereof, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are:

    a)    permanently enjoined from:

        1)    displaying BMW's Roundel logo in connection with Defendant's business, including but not limited to any display on Defendant's building or on Defendant's website or in any other advertisement;

        2)    displaying the "BMW" word mark in a standalone fashion on Defendant's building or anywhere else in connection with Defendant's business;

        3)    making any other trademark use of the "BMW" word mark in connection with Defendant's business; and

        4)    using any other name or mark that is similar to BMW's Roundel logo or "BMW" word mark, or any other mark or designation of BMW or its affiliates, including but not limited to use of these marks on business signs, display windows, telephone directory advertisements, web sites, marketing materials, stationery and business cards.

    b)    indicating or suggesting in any manner that Defendant's business is or was somehow sponsored by or affiliated with BMW, or otherwise passing off, promoting or selling any product or service as a product or service authorized by or under the supervision or control of BMW.

HOWREY LLP

DM_US:22873230_1

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, his agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with any of them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating Cal. Bus. & Prof. Code § 17200 *et seq.* or the common law of California by committing any act of trademark infringement or unfair competition with respect to BMW's Roundel logo or "BMW" mark;

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Final Judgment. The parties acknowledge that a breach of this Final Judgment by Defendant or his agents would result in immediate and irreparable injury to BMW, that it would be difficult or impossible to establish the full monetary value of such damage, and that BMW would be entitled to immediate injunctive relief to enforce this consent judgment and to reimbursement of its reasonable attorney's fees and costs arising from enforcement of such a breach.

The Clerk of this Court is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

Dated: November 13, 2009

Judge Stephen V. Wilson
United States District Judge